UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES ON CELLULAR TELEPHONE NUMBER 513-226-0831 | CASE NO.<br><br>1:18MJ-282<br><br>**ORDER**<br><br>(UNDER SEAL) |

Assistant United States Attorney, Karl P. Kadon, on behalf of the United States, has submitted an Application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the cellular telephone number **513-226-0831**, further described in Attachment A, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the Application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the FBI of Robert STRACKE, and other as-yet unknown individuals in connection with possible violations of Title 21, United States Code, Sections 841(a)(1) and 846.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the FBI may install and use pen-trap devices (including necessary software) to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cellular telephone number described in Attachment A, including the date, time, and duration of the communication, and the items listed in Attachment B, without geographic limit.

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), that service providers be ordered to supply subscriber

information (including the names and addresses of the subscriber, whether listed or unlisted, billing information, payment information, subscriber date of birth, subscriber driver license number, subscriber social security number, equipment information, shipment information, call detail records, information related to calls made via direct connect features, calls to destination search (or "reverse dumps"), and periods of telephone activation) for all numbers dialed or connections made to and from the cellular telephone number described in Attachment A captured by the pen register or trap and trace devices on the cellular telephone number described in Attachment A.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty (60) days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Sprint and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the FBI reasonably compensate Sprint and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that if Sprint, or any other relevant provider of electronic communication service to the public, cannot comply with this Court's Order to install the pen-trap devices, the United States is authorized to install and use its own pen register and trap and trace devices on the data network of Sprint, or any other relevant provider of electronic communication service to the public, pursuant to 18 U.S.C. § 3123(a)(3)(A).

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Sprint and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order, to furnish immediate technical assistance to the FBI to accomplish the interception of all of the dialing, routing, addressing, and signaling information for all data packets associated with each communication to or from the target device, including the date, time and duration of the communication; and to deliver all such intercepted dialing, routing, addressing, and signaling information, securely and reliably and in a format that allows the information to be understood by the government. In particular, Sprint and any other person or entity providing wire or electronic communication service in the United States shall provide the following:

- Any requested technical documentation and necessary assistance to enable the FBI to ascertain the meaning and significance of data in the delivery; to facilitate breaking down the information into distinct identifiable fields; and to address deficiencies and preferences with formats.

- A designated technical representative(s)/engineer(s) who will coordinate efforts with and have the authority to provide the FBI technical staff the necessary information and technical assistance, including direct access to the network facilities used or controlled by or on behalf of the Sprint, and any other person or entity providing wire or electronic communication service in the United States to the target device, for purposes of testing, evaluation and implementation of the technical means necessary to accomplish the authorized pen register and a trap and trace device or process.

IT IS FURTHER ORDERED that Sprint and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the FBI of any changes relating to the cellular telephone number described in Attachment A, including changes to the International Mobile Subscriber Identifier ("IMSI") and/or the International Mobile Station Equipment Identity ("IMEI"), to include changes to subscriber information; and to provide prior notice to the applicant and the FBI before terminating or changing service to the cellular telephone number;

IT IS FURTHER ORDERED that the FBI and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the FBI, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that Sprint and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the Application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that Sprint may disclose this Order to an attorney for Sprint for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this Application and Order, and shall provide copies of this Order to the FBI and Sprint upon request;

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

_4/25/18_
DATE

_Karen L. Litkovitz_
HONORABLE KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

4

## ATTACHMENT A

**Sprint**

| Facility | Number or identifier | Subscribed to | Subject of investigation |
|---|---|---|---|
| 513-226-0831 | unknown | unknown | Robert STRACKE |

## ATTACHMENT B

THE INFORMATION TO BE DISCLOSED:

All dialing, routing, addressing and signaling information for all data packets associated with each communication to or from the target device, including the date, time and duration of the communication, and the following, without geographic limit:

1) Case Identification;

2) Intercept Access Point (IAP) System Identification;

3) Timestamp;

4) Correlation Number;

5) Source IP Addresses associated with the originating device used to send electronic communications (both IPv4 and IPv6);

6) Destination IP Addresses associated with the terminating device used receive electronic communications (both IPv4 and IPv6);

7) Source Port Number (e.g. TCP/UDP Ports);

8) Destination Port Number (e.g. TCP/UDP Ports);

9) Transport Protocol;

10) Flow label (with respect to IPv6);

11) Packet size;

12) Any unique identifiers associated with cellular telephone devices used to make and receive calls to and from the target device, and to send and receive other electronic communications, including the:

Electronic Serial Number ("ESN"),

Mobile Electronic Identity Number ("MEID"),

Mobile Identification Number ("MIN"),

Subscriber Identity Module ("SIM"),

International Mobile Subscriber Identifier ("IMSI"),

Mobile Station Identification Number ("MSID"),

Mobile Service Node ("MSN"),

Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or

International Mobile Station Equipment Identity ("IMEI").

13) Source and destination telephone numbers associated with the origination and termination of all wire and electronic communications to and from the target device; and

14) "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c).[1]

---

[1] In the event that the pen-trap devices capture some post-cut-through dialed digits that could be considered call content, such as account numbers or passwords, despite the government's use of reasonably available technology to avoid the recording or decoding of such content, the United States will make no affirmative investigative use of such information.

2